IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00328-LTB-CBS

UNITED FIRE & CASUALTY COMPANY, an Iowa corporation,

        Plaintiff,

v.

CONTRACTOR HEATING, INC., a Colorado corporation,
JOSE RUBEN MEDRANO,
KAREN LOVER, Individually and as Parent and Next Friend of the Lover Infant Child,
JUSTIN LOVER,
COLE BRANDT, and
CHELSEA ALFIERI.

        Defendants.

_____

ORDER
_____

This matter is before me on a Motion to Dismiss Complaint for Lack of Standing [**Doc # 19**] filed by Defendant Contractor Heating, Inc. ("CHI"), in which it seeks dismissal of the complaint for anticipatory declaratory relief filed in this case by Plaintiff, United Fire & Casualty Company ("United Fire"). Oral arguments will not materially aid in the resolution of this motion. After due consideration, and for the reasons stated, I GRANT the motion and, as such, I DISMISS the complaint WITHOUT PREJUDICE.

**I. Background**

Defendant CHI was insured by Plaintiff United Fire for its primary auto liability, general liability and umbrella liability under an insurance policy providing coverage for the period of February 5, 2007 through February 5, 2008. During this time, on or about January 16, 2008, Defendant Jose Ruben Medrano, a CHI employee, was driving a pickup scheduled on the policy

when he was involved in an automobile accident with a vehicle occupied by Defendants Karen Lover, Justin Lover, Cole Brandt, and Chelsea Alfieri. Their vehicle was insured by Defendant Colorado Farm Bureau Mutual Insurance Company at the time of the accident

Pursuant to the reporting requirements of the policy, CHI gave notice of the accident to United Fire. As a result, United Fire commenced an investigation of the claim. CHI also has requested, via letter from counsel after this action was filed, that United Fire assign an independent attorney to defend them from an "imminent" lawsuit. In addition, Defendant Colorado Farm Bureau Mutual Insurance also put United Fire on notice of the accident and the potential for resulting claims. However, Defendants have not yet filed a lawsuit related to the accident.

Thereafter, United Fire filed the complaint in this case seeking an anticipatory declaratory judgment that the policy does not extend coverage for the automobile accident at issue, on the basis that Defendant Medrano was specifically named as an excluded driver by endorsement thereto. In its complaint, United Fire seeks a declaration "finding that there is no coverage afforded to or for the benefit of any Defendant(s) under the United Fire Policy with respect to the Accident and no duty to defend or indemnify any insured from any claims or suits arising therefrom." United Fire further avers that the coverage issues in this case are "independent of and separable from" any facts that may be relevant to the defense of claims or suits against CHI and/or Medrano, and it is appropriate that this action proceed expeditiously to resolution.

In this motion to dismiss, CHI asserts that United Fire lacks standing to bring an anticipatory declaratory judgment action at this time and, as such, this Court lacks jurisdiction to

decide the matter. It first asserts that because there is no underlying tort action, United Fire is seeking an impermissible advisory opinion and, as such, there is no current judiciable controversy. Alternatively, CHI argues that even if there is a judiciable controversy, the complaint should be dismissed because it is not independent and severable from any future tort action.

## II. Analysis

CHI first argues that United Fire's attempt to seek anticipatory declaratory relief is not based on an actual controversy. In support of this argument, CHI cites to *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d 556 (Colo. 1996), in which the Colorado Supreme Court reviewed the propriety of maintaining anticipatory declaratory judgment actions in the insurance context.

In that case the Court applied the Colorado Uniform Declaratory Judgment Law, C.R.S. §§ 13-51-101-115, *et seq.*, to two cases in which insurers sought to have their obligations determined before judgment had been entered in the relevant underlying lawsuits. The Court held that the propriety of lawsuits seeking anticipatory declaratory relief rests on three requirements. "First, declaratory judgment actions must be based on an actual controversy[;] jurisdiction exists only if the controversy contains a currently justiciable issue or an existing legal controversy, rather than the mere possibility of a future claim" ("the justiciable controversy standard"). *Id.* at 561 (citations omitted). "Second, a court should not render a declaratory judgment unless it will fully and finally resolve the uncertainty and controversy as to all parties with a substantial interest in the matter that could be affected by the judgment" (the "finality standard"). *Id.* Finally, the Colorado Supreme Court added an additional standard – "the

requirement that a trial court consider whether an anticipatory declaratory judgment action is independent of and separable from the underlying action." *Id.*; *see also Grange Ins. Ass'n v. Hoehne,* 56 P.3d 111, 112 (Colo. App. 2002).

Here, CHI argues that United Fire's anticipatory declaratory judgment action fails the first requirement in that it is not based on an actual controversy but, rather, because there is no underlying lawsuit, there is only "the mere possibility of a future claim." *Id.* Specifically, it asserts that United Fire's complaint is premature and is "premised on the mere possibility that a tort action related to the accident may be filed against CHI or others in the future." Thus, CHI maintains that this action seeks a determination "with respect to matters that are academic and purely speculative at this time."

In response, United Fire refers me to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and related case law which provides that the standard for assessing an actual controversy in a federal declaratory judgment action is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *see also Allendale Mut. Ins. Co. v. Kaiser Engineers, Div. of Henry J. Kaiser Co.,* 804 F.2d 592, 594 (10th Cir. 1986). Under this standard, United Fire argues that by requesting appointment of defense counsel – an obligation for which United Fire disputes – a present controversy arises proper for resolution and declaratory relief.

When jurisdiction of a declaratory judgment action exists based on diversity of citizenship, as here, "federal law will be applied and will control whether or not the court can

4

render a declaratory judgment, [but] state law is to be applied to the underlying substantive issues." *See Addison Ins. Co. v. Maynard,* 2008 WL 2079143, pg. 2 (D.Colo. May 15, 2008)(*citing Britamco Underwriters, Inc. v. C.J.H., Inc.,* 845 F.Supp. 1090, 1093 (E.D.Pa 1994)). I conclude that this anticipatory declaratory judgment action is premature and is not yet based on a present and actual controversy when assessed under either state or federal law standards.

First, I cannot see how this controversy – which is, in essence, whether the policy here provides coverage or a duty to defend any and all potential claims, based on not yet ascertained facts arising out of the accident – can be characterized as a "currently justiciable issue or an existing legal controversy" as required to met the "justiciable controversy standard" in *Constitution Assocs. v. New Hampshire Ins., supra,* 930 P.2d at 561. Instead, this request for an anticipatory declaratory judgment clearly seeks redress related to the "mere possibility of a future claim." *Id.*

Likewise, under these circumstances I also conclude that whether the policy covers any potential or feasible claims related to the accident is a not, at this time, a substantial controversy of "sufficient immediacy and reality" to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201. *Maryland Cas. v. Pacific Coal & Oil, supra,* 312 U.S. at 273. I am unconvinced by United Fire's argument that whether an insurer is obligated to provide a duty to defend or other obligation constitutes a judiciable controversy when, as here, it is undisputed that such obligations relate only to the possibility of potential claims. Instead, I agree with CHI that without a pending action related to the accident, there is "no legal or factual basis for this Court to make a final determination" that the policy does or does not provide coverage for any

5

potential claims or, in so doing, that United Fire does or does not owe CHI a duty to defend on any such speculative claims.

I note that neither party has provided me with binding or persuasive legal authority addressing a case in which an insurer seeks declaratory relief for the determination of its obligations before any underlying complaint has been filed. In *Cytosol Laboratories, Inc. v. Federal Ins. Co.,* 536 F.Supp.2d 80, 88 (D.Mass. 2008), the court ruled that because the filing of a formal lawsuit is not always required to trigger a duty to defend in Massachusetts, a pre-suit letter that is sufficient to invoke the insurer's defense obligation is substantially equivalent to the commencement of a lawsuit to confer jurisdiction of an anticipatory declaratory judgment action. *Id; but see Granite State Ins. Co. v. Tandy Corp.*, 762 F.Supp. 156 (S.D. Tex.1991), *aff'd. without op.*, 959 F.2d 968 (5th Cir.1992)(dismissing an insurer's suit seeking declaratory judgment when insured's subsequent state court suit was filed within the following month).

I am unpersuaded by the ruling set forth by the Massachusetts court in *Cytosol Laboratories v. Federal Ins. Co., supra*. More persuasive is that Colorado law provides that an insurer's duty to defend "arises solely from the complaint in the underlying action." *Cotter Corp. v. American Empire Surplus Lines Ins. Co.,* 90 P.3d 814, 827 (Colo. 2004)(citations omitted). As such, in order for me to determine whether a duty defend exists, Colorado law requires that I utilize what is called the "complaint" rule and look to the four corners of the underlying complaint. *See Hecla Min. Co. v. New Hampshire Ins. Co.,* 811 P.2d 1083, 1089 (Colo. 1991). The lack of an underlying complaint in this case – and specific knowledge of the possible claims alleged in relation to the accident – is fatal to my ability to render a decision in this action seeking anticipatory declaratory relief on the issue. *Id.* ("[a]n insurer's duty to

defend arises when the underlying complaint against the insurer alleges any facts that might fall within the coverage of the policy"). For the same reason, I am also unable to adequately assess the coverage issues when any potential claims are speculative.

In addition, I note that Colorado law provides that when an insurer believes that it is under no obligation to defend, it may provide a defense to the insured under a reservation of its rights. *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083 (Colo. 1991). "The actual liability of the insured to the claimant is not the criterion which determines the insurance company's obligation to defend." *Colorado Farm Bureau Mut. Ins. Co. v. Snowbarger,* 934 P.2d 909, 911 (Colo. App. 1997)(*citing Farmers Insurance Exchange v. American Manufacturers Mutual Ins. Co.*, 897 P.2d 880 (Colo. App. 1995)).

Finally, and most importantly, my exercise of jurisdiction to grant declaratory relief is discretionary rather than mandatory under both federal and Colorado law. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Constitution Assocs. v. New Hampshire Ins., supra,* 930 P.2d at 561 ("[t]he decision about whether to permit an anticipatory declaratory judgment action falls within the sound discretion of the trial court"). In fact, even "[w]hether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court." *State Farm Fire and Cas. Co. v. TBG, Inc.,* 760 F.Supp.178, 180 (D.Kan. 1991)(*quoting Kunkel v. Continental Cas. Co.,* 866 F.2d 1269, 1273 (10th Cir. 1989)). As a result, in the exercise of my discretion, I decline to exercise jurisdiction over this anticipatory declaratory judgment action at this time.

7

ACCORDINGLY, I GRANT the Motion to Dismiss Complaint for Lack of Standing [Doc # 19] filed by Defendant Contractor Heating, Inc., and I DISMISS WITHOUT PREJUDICE the complaint filed in this matter by Plaintiff, United Fire & Casualty Company.

Dated: June   24  , 2008 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE